UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| RICHARD DALE OZMENT, JR., | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 1:17-CV-133 ACL |
| PERRY COUNTY SHERIFF'S OFFICE, et al., | ) |  |
| Defendants. | ) |  |

## MEMORANDUM AND ORDER

This matter is before the Court upon the motion of plaintiff (registration no. 1130120), an inmate at Eastern Reception, Diagnostic and Correctional Center ("ERDCC"), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will not assess a filing fee at this time. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based upon a review of the complaint, the Court finds that the complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

### 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these

monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. Plaintiff's account statement shows a negative balance in an amount of $326.18. Consequently, the Court will not assess a filing fee at this time.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action is malicious when it is undertaken for the purpose of harassing litigants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987).

To determine whether an action fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Id.* at 1949. Second, the Court must determine whether the complaint states a plausible claim for relief. *Id.* at 1950-51. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950. The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." *Id.* The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." *Id.*

at 1951. When faced with alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred. *Id.* at 1950, 1951-52.

## The Complaint

Plaintiff, an inmate at ERDCC, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights during his incarceration at the Cape Girardeau Detention Center. Plaintiff has named the following as defendants in this action: the Perry County Sheriff's Office; Sergeant Kara Evans; Correctional Officer Sarah Olson; Correctional Officer Unknown Effink; Captain Kraft; Cape Girardeau County Sheriff's Office; Cape Girardeau County Detention Center; Cape Girardeau County Justice Center; Cape Girardeau County Jail; Lieutenant T.C. Stevens of the Cape Girardeau County Sheriff's Office.

Plaintiff asserts that when he was a pretrial detainee, he requested access to "all Missouri statutes" while he was "being held on hold for the Cape Girardeau County Sheriff's Office" by the Perry County Sheriff's Office, located in Perryville, Missouri. Plaintiff claims that "the Cape Giradeau Sheriff's County Office was fully aware that even though they transported [him] to the Perry County Sheriff's Office to be held on hold for the Cape Girardeau County Sheriff's Office, that [he] was still booked into the Cape Girardeau Detention Center as an inmate."

Plaintiff asserts that during his time on hold in Perry County Jail, he utilized Perry County's request procedures to attempt to gain access to "all Missouri state legal statutes." Plaintiff claims that he was told in response to his requests that he should designate a specific statute or simply ask his attorney to provide him with the legal information he was requesting. It appears from the documents attached to the complaint that plaintiff persisted in requesting access to "all Missouri state legal statutes," although he was told to narrow his request. Furthermore, although plaintiff was told that the Jail did not have access to **all** Missouri state legal statutes, but

- 3 -

did have access to some legal materials, plaintiff continued to assert that he was in need of access to "all Missouri state legal statutes." Plaintiff states that he believes it was the Jail's responsibility to provide him with all of the Missouri statutes, and it was not his attorney's responsibility.

Plaintiff states that he needed access to "all Missouri state legal statutes" in order to work on a "stratagem" for his Missouri state criminal action, even though he had been assigned a public defender in his criminal action.[1]

In his request for relief, plaintiff seeks both injunctive relief and monetary damages.[2]

## Discussion

Under the First Amendment, the freedom to petition includes the right of access to courts. *See BE & K Const. Co. v. N.L.R.B.*, 536 U.S. 516, 525 (2002). The Due Process clause of the Fourteenth Amendment makes the First Amendment applicable to the states. *Republican Party of Minnesota v. White*, 416 F.3d 738, 748 (8th Cir. 2005) (citations omitted).

In *Bounds v. Smith*, the Supreme Court held that the right of access to the courts requires that inmates be provided adequate law libraries or adequate assistance from persons trained in the law. 430 U.S. 817. Following *Bounds*, the Supreme Court held, based on principles of standing, that an inmate alleging a *Bounds* violation must show an actual injury.

Because *Bounds* did not create an abstract, freestanding right to a law library or legal assistance, an inmate cannot establish relevant actual injury simply by establishing that his prison's law library or legal assistance program is subpar in some theoretical sense. That would be the precise analog of the healthy inmate claiming constitutional violation because of the

---

[1] Plaintiff has attached his grievances filed in the Perry County Jail/Sheriff's Office to his complaint. Pursuant to Fed.R.Civ.P.10, the Court will review the grievances as part of plaintiff's complaint.

[2] As plaintiff is no longer housed at Cape Girardeau County Detention Center or at Perry County Jail, his request for injunctive relief is moot.

inadequacy of the prison infirmary. Insofar as the right vindicated by *Bounds* is concerned, "meaningful access to the courts is the touchstone," and the inmate therefore must go one step further and demonstrate that the alleged shortcomings in the library or legal assistance program hindered his efforts to pursue a legal claim. *Lewis v. Casey*, 518 U.S. 343, 351 (1996) (internal citations omitted).

The Eighth Circuit has recognized that, when bringing an access to courts claim, it is insufficient to merely allege a denial of access to a law library or other resources, even if the denial is systemic. *Sabers v. Delano*, 100 F.3d 82, 84 (8th Cir. 1996) (*per curiam*) (citing *Lewis*, 518 U.S. 343). Instead, the plaintiff must plead (and ultimately prove) that the lack of the library or other resource deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in a criminal appeal, post-conviction matter, or civil rights action seeking to vindicate constitutional rights. *Id.* Speculation that injuries might occur or could have occurred is insufficient. *See Hartsfield v. Nichols*, 511 F.3d 826, 833 (8th Cir. 2008) ("[a]bsent an articulation of how the alleged wrongful conduct actually blocked [the prisoner's] access to filing a complaint, or caused a filed complaint to be deficient, [the prisoner's] alleged injuries are merely speculative").

In the case at bar, plaintiff pleads no facts' tending to show that the lack of access to "all Missouri statutes, past and present," deprived him of some specific opportunity to defend himself, or advance a viable legal claim, in his state criminal action. In fact, plaintiff has not made any claims of injury at all in this civil rights action.

Rather, plaintiff merely states that he had a Constitutional right to review the Missouri state statutes while incarcerated and awaiting his criminal trial. He then claims that defendants deprived him of his right to "gather information" that he felt may have been beneficial to him to

have in "building a proper defense stratagem" even though he was represented by counsel in his criminal action.

These allegations amount to mere speculation that injuries might occur or could have occurred. It therefore cannot be said that plaintiff alleges a cognizable injury, and the Court concludes that he has not shown an actionable injury, such that there is a cognizable access to courts claim against any of the named defendants.

In addition, it appears that plaintiff was represented by counsel in his criminal action in Missouri state court. In his complaint, plaintiff complained about the services his appointed attorney was providing. In addition, review of the public state records in plaintiff's criminal case indicates that he was being represented by the state public defender's office. *See State v. Ozment*, Case No. 15CG-CR01026-01 (32nd Judicial Circuit, Cape Girardeau Court).[3] Plaintiff does not allege that any defendant hindered his ability to meet or confer or otherwise communicate with his attorney. Therefore, to the extent plaintiff's allegations can be understood to relate to his criminal case, it appears plaintiff was afforded "adequate assistance from persons trained in the law" as required by *Bounds*. *See Bounds*, 430 U.S. at 828 (pre-trial detainees must be afforded "adequate law libraries or adequate assistance from persons trained in the law").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff will not be assessed an initial partial filing fee at this time.

---

[3]This Court takes judicial notice of this Missouri State Court record, as obtained through the public records published on Missouri Case.net. *See Levy v. Ohl,* 477 F.3d 988 (8th Cir. 2007) (district court may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 760 n. 2 (8th Cir. 2005) (courts "may take judicial notice of judicial opinions and public records.").

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

**IT IS FURTHER ORDERED** that plaintiff's motion for appointment of counsel [Doc. #4] is **DENIED AS MOOT**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 2nd day of February, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE